**NOT FOR PUBLICATION**

RECEIVED

MAY 25 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

CHRIS ANN JAYE,

        Plaintiff,

v.

NJ ATTORNEY GENERAL JOHN HOFFMAN, et al.,

        Defendants.

---

Civil Action No. 14-7471 (MAS) (TJB)

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff Chris Ann Jaye's ("Plaintiff" or "Ms. Jaye") filing of a Second Amended Complaint. (ECF No. 34.) By Order dated December 21, 2015, this Court denied Plaintiff's motion for reconsideration of the dismissal of her First Amended Complaint, but gave Plaintiff leave to file a second amended complaint that complied with Rule 8(a) of the Federal Rules of Civil Procedure. (ECF No. 31.) On January 13, 2016, Plaintiff filed a Second Amended Complaint. (ECF No. 34.) Like the first amended complaint, however, the Second Amended Complaint is also pled in conclusory fashion and does not "show the [Plaintiff] is entitled to relief" as required by Rule 8(a) of the Federal Rules of Civil Procedure. Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, as Plaintiff's Second Amended Complaint is replete with conclusory allegations, it does not comply with Rule 8 of the Federal Rules of Civil Procedure. (*See generally* Second Am. Compl., ECF No. 34.)

In addition, notwithstanding the Court "grant[ing] Plaintiff leave to amend her complaint *to properly state claims regarding the allegedly unconstitutional state statutes*," Plaintiff's Second Amended Complaint is entirely silent as to those claims. (Dec. 21, 2015 Op. 6-7, ECF No. 30) (emphasis added). Thus, the Second Amended Complaint does not comply with the Court's December 21, 2015 Order. Plaintiff has now been provided three opportunities to comply with Rule 8(a) of the Federal Rules of Civil Procedure and state cognizable claims, but has failed to do so. In addition, the Court's December 21, 2015 Order warned Plaintiff that "[i]f [she] does not file a second amended complaint *that complies with the Federal Rules of Civil Procedure* by January 15, 2016, the complaint shall be dismissed with prejudice and the case shall be closed." (Dec. 21, 2015 Order ("Order"), ECF No. 31) (emphasis added). Accordingly, pursuant to the Order, the Court dismisses Plaintiff's Second Amended Complaint with prejudice. *See also Holmes v. Gates*, 403 F. App'x 670, 673-74 (3d Cir. 2010) (affirming the dismissal of a complaint with prejudice after the plaintiff was given three opportunities to cure deficiencies in her complaint).

Furthermore, even assuming arguendo that the Second Amended Complaint included more than conclusory allegations, as the Honorable Joel A. Pisano, U.S.D.J. held, the Court is barred by the *Rooker-Feldman* doctrine of abstention from exercising jurisdiction over Plaintiff's challenges to state court judgments. (Feb. 10, 2015 Op., ECF No. 10.) Here, Plaintiff alleges that various state court judges, state court staff, the New Jersey Attorney General and his deputy violated 42 U.S.C. § 1983 and the New Jersey Civil Rights Act in connection with their involvement in a state court action against Plaintiff for unpaid condominium common charges and in actions by Plaintiff against her condominium association. (*See generally* Second Am. Compl., ECF No. 34.)

"The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging the 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine constitutes a bar to suits brought by the losing party in state court that "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Rather, review of a decision by a state court can only be had in the state's appellate courts or in the United States Supreme Court. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); see also 28 U.S.C. § 1257. "The [*Rooker-Feldman*] doctrine is jurisdictional in nature, precluding further federal review." *Turetsky v. Turetsky*, 402 F. App'x 671, 673 (3d Cir. 2010) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010)). The Third Circuit has shed light on the requirements necessary for the "doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed[1]; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western*, 615 F.3d at 166 (quoting *Exxon Mobil*, 544 U.S. at 284).

---

[1] With respect to Plaintiff's recent request for "injunctive relief for a stay of state action and immediate stay of [a] pending arrest warrant as it applies to this pending civil rights case" (ECF No. 63), the Court finds that the state court proceedings and orders are related to and entered to effectuate the December 3, 2014 decision of the state trial court (*see* Pl.'s Application for Injunctive Relief, Ex. C ("March 12, 2015 Order Denying Reconsideration of Judgment"), ECF No. 63). Thus, Plaintiff's request for injunctive relief from the state action also effectively seeks to challenge a state court judgment entered prior to the filing of the federal suit. Accordingly, the Court is barred from exercising jurisdiction over these requests pursuant to the *Rooker-Feldman* abstention doctrine.

After careful review of the allegations in the Second Amended Complaint, the Court finds that all four prongs of *Rooker-Feldman* have been satisfied. Thus, the Court is barred from hearing this action. The Court will issue an appropriate Order to accompany this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: May 25th, 2016